# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GARETH NORTHWAY,<br><br>   Plaintiff,<br> v.<br><br>DENALI NANOOK LEGAL SERVICES and JEFF THOMPSON,<br><br>   Defendants. | Case No. 3:25-cv-00314-SLG |
| GARETH NORTHWAY,<br><br>   Plaintiff,<br> v.<br><br>STATE OF ALASKA,<br><br>   Defendant. | Case No. 3:25-cv-00330-SLG |
| GARETH NORTHWAY,<br><br>   Plaintiff,<br> v.<br><br>STATE OF ALASKA,<br><br>   Defendant. | Case No. 3:25-cv-00331-SLG |

**<u>NOTICE OF INTENT TO DISMISS EACH ABOVE-CAPTIONED CASE AS A STRIKE</u>**

In November 2025, self-represented prisoner Gareth Northway ("Plaintiff") filed the three above-captioned civil cases. Upon review, the three cases have similar deficiencies and contain overlapping claims and related factual allegations. Therefore, the Court now screens the cases collectively pursuant to 28 U.S.C. §§

1915(e) and 1915A.[1]

> **I. Each filing is deficient because Plaintiff did not include a fully completed Application to Waive Prepayment of the Filing Fee on the Court's form or a statement from his prison trust account for the past six months.**

To properly commence a civil action, a prisoner litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee on the District of Alaska's Form PS10.[2] Prisoner litigants must also include a statement from their prison trust account for the past six months.[3] Plaintiff's motions to waive the filing fee are all DENIED because they are not on the proper form and do not include the prisoner trust account statement.[4]

Ordinarily, the Court would accord a plaintiff the opportunity to cure this deficiency. However, as discussed below, the Court, having reviewed and considered the filings, finds that Plaintiff fails to state a plausible claim in each case. The Court further finds that allowing leave to file an amended complaint would be futile in each case.[5] Therefore, the Court intends to dismiss each of the

---

[1] Plaintiff has filed several other cases in this Court that will be addressed by separate order(s).

[2] Local Civil Rule 3.1.

[3] Local Civil Rule 3.1(c)(3).

[4] *See* Case 314, Docket 5; Case 330, Docket 4; and Case 331, Docket 5.

[5] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 2 of 14
Case 3:25-cv-00330-SLG   Document 7   Filed 03/02/26   Page 2 of 14

above-captioned cases.

## II. Screening Requirement

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to

---

defects in the complaint could not be cured by additional factual allegations).

[6] 28 U.S.C. §§ 1915, 1915A.

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 3 of 14
Case 3:25-cv-00330-SLG   Document 7   Filed 03/02/26   Page 3 of 14

the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

### III. Summary of Plaintiff's claims

Plaintiff's allegations in these three cases all relate to state court criminal proceedings in *State of Alaska vs. Northway, Gareth Lee,* Case Nos. 4TO-21-00069CR and 4TO-25-00023CR.[14] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[15] of the Courtview records of the Alaska

---

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[12] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[14] *See, e.g.,* Case 330, Docket 1.

[15] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex*

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 4 of 14
Case 3:25-cv-00330-SLG   Document 7   Filed 03/02/26   Page 4 of 14

Trial Courts.[16] According to the publicly available state court docket records, Plaintiff was convicted in Case No. 4TO-21-00069CR (the "2021 case") of one count of violating Alaska Statute § 11.41.425(a)(1)(C): Sex Assault 3-Contact w/ Unaware Victim on June 3, 2024.[17] In 2025, Plaintiff was charged with two misdemeanors in Case No. 4TO-25-00023CR, a new case related to violating the conditions of his release in the 2021 case.[18] On January 26, 2026, Plaintiff's probation was revoked in the 2021 case and the two misdemeanor charges in the new case were dismissed pursuant to a plea agreement in the 2021 case.[19]

## A. Case No. 3:25-cv-00314-SLG ("Case 314")

On November 4, 2025, Plaintiff filed a motion, which the Court Clerk opened

---

*rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[16] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[17] *State of Alaska vs. Northway,* Case No. 4TO-21-00069CR, Docket Entry 06/03/2024 (Disposition: Guilty Conviction After Guilty Plea).

[18] *State of Alaska vs. Northway*, Case No. 4TO-25-00023CR, Party Charge Information (Charge # 1: Class A Misdemeanor AS11.56.840(a)(3)(B)(i): Fail to Change Residence Address-SOR, Offense Date 03/31/2025; Charge #2: Class B Misdemeanor AS11.56.757(a)(misdB): Violate Conditions of Release for Misd, Offense Date 08/04/2025).

[19] *See* Case No. 4TO-21-00069CR (Charge # 2: PTRP4FABOTH - Probation/Parole Violation PTRP New Charge & Technical Violation - Filed in Fairbanks; 01/26/2026 PTRP: Probation Revoked); Case No. 4TO-25-00023CR, Disposition (01/26/2026: Charges # 1 and #2 Dism. Plea Agreement in Another Case-CrR 43(a)(2)).

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 5 of 14
Case 3:25-cv-00330-SLG   Document 7   Filed 03/02/26   Page 5 of 14

as Case 314, seeking to bring breach of contract claims against Attorney Jeff Thompson and his employer, Denali Nanook Legal Services for allegedly failing to file an appeal Plaintiff's 2021 state criminal case.[20] For relief, Plaintiff seeks return of the $900 paid for services not received and $5,000.00 for emotional damages.[21] On December 2, 2025, Plaintiff filed another motion seeking to increase his request for relief to $10,000.00.[22] Plaintiff also filed an accompanying affidavit confirming his wish to proceed with a civil lawsuit for breach of contract and emotional and financial distress.[23]

### B. Case No. 3:25-cv-00330-SLG ("Case 330")

On November 20, 2025, Plaintiff filed a motion that opened Case 330, alleging that the State of Alaska, the Fourth District Superior Court, Judge Patricia Haines, and District Attorney Allison Baldock violated his constitutional rights, including his right to be present at court dates, that the judge was not neutral but took sides with the prosecutor, and that the prosecutor delayed the case by failing

---

[20] Case 314, Docket 1. Plaintiff improperly filed a motion to initiate each case, and not a complaint. See Rule 7, Federal Rules of Civil Procedure. Nonetheless, the Court has treated each of the motions at Docket 1 as a complaint.

[21] Case 314, Docket 2.

[22] Case 314, Docket 3.

[23] Case 314, Docket 4.

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 6 of 14
Case 3:25-cv-00330-SLG    Document 7    Filed 03/02/26    Page 6 of 14

to file proper paperwork to represent the State for nearly a year.[24] For relief, Plaintiff seeks $10,000,000.00 in damages.[25]

### C. Case No. 3:25-cv-00331-SLG ("Case 331")

Also on November 20, 2025, Plaintiff filed another motion that opened Case 331. Plaintiff again alleges constitutional violations related to his state criminal proceedings, naming the State of Alaska, Fourth District Superior Court, District Attorney Allison Baldock, Public Defender Susan Bennette, Chief Deputy Clerk for the Alaska Appellate Courts Ryan Montgomery, and private attorney Moeshe Zorea as defendants.[26] For relief, Plaintiff seeks $1,000,000.00 for emotional and financial distress.

## IV. Screening Review of Plaintiff's claims

### A. Plaintiff's claims against the State of Alaska and the Fourth District Superior Court

The Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the Fourth District Superior Court—from being sued in federal court unless the state has waived its immunity.[27] The State of Alaska has not waived its immunity from civil rights claims alleging

---

[24] Case 330, Docket 1.

[25] Case 330, Dockets 2-3.

[26] Case 331, Docket 1.

[27] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 7 of 14
Case 3:25-cv-00330-SLG   Document 7   Filed 03/02/26   Page 7 of 14

violations of the federal Constitution in federal court. Therefore, Plaintiff's claims against the State of Alaska and the Fourth District Superior Court cannot be maintained in federal court and must be dismissed with prejudice.

### B. Plaintiff's claims against the Judge and Court Clerk

Judges and court personnel, such as court clerks, acting within the scope of their official duties are absolutely immune from suit in federal court.[28] Therefore, Plaintiff's claims against Judge Haines and Chief Deputy Clerk Ryan Montgomery must be dismissed with prejudice.[29]

### C. Plaintiff's claims against District Attorney Baldock

Acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protections of absolute immunity.[30] Here, Plaintiff's allegation that the state prosecutor improperly delayed filing paperwork in the 2021 case falls squarely within the prosecutor's protected role to which immunity applies, and must therefore be dismissed with prejudice.

---

[28] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003) ("[A] judge is absolutely immune for judicial acts."). *See also Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

[29] *Huffman v. Lindgren,* 81 F.4th 1016 (9th Cir. 2023) (affirming dismissal without leave to amend based on judicial immunity).

[30] *Kalina v. Fletcher*, 522 U.S. 118 (1997) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)).

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 8 of 14

Case 3:25-cv-00330-SLG   Document 7   Filed 03/02/26   Page 8 of 14

### D. Plaintiff's claims against defense counsel

Plaintiff's claims against Public Defender Susan Bennette, Attorney Jeff Thompson and Denali Nanook Legal Services, and Attorney Moeshe Zorea cannot proceed in a civil rights action under Section 1983 because criminal defense attorneys, whether retained or appointed, do not act under color of state law when performing their traditional functions as defense counsel.[31]

To the extent Plaintiff seeks to pursue an ineffective assistance of counsel claim against any of these defendants, such claims must be raised in the state criminal case, or through a petition for post-conviction relief in the state court, or on a petition for habeas corpus but only after all available state court remedies have been exhausted. A claim of ineffective assistance of counsel challenges the validity of the criminal conviction or proceedings and cannot be brought in a civil rights action.

Similarly, to the extent Plaintiff believes Attorney Thompson and Denali Nanook Legal Services, or another of his defense attorneys, committed legal malpractice or breached a contract, such claims arise under state law and must typically proceed in state court. A state law claim may only proceed in federal court

---

[31] *Miranda v. Clark County, Nevada,* 319 F.3d 465 (2003). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under 'color of state law,' within meaning of Civil Rights Act, when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 9 of 14

Case 3:25-cv-00330-SLG   Document 7   Filed 03/02/26   Page 9 of 14

if the claim is supplemental to a cognizable federal claim,[32] of which there are none in these cases, or if the federal court has diversity jurisdiction over the case, which requires that the plaintiff be a citizen of a different state than all the defendants, and that the amount in controversy exceeds $75,000.[33] Here, neither requirement is met in any of these three cases.

For the foregoing reasons, Plaintiff's claims against his criminal defense attorneys must be dismissed.

### E. Plaintiff's claims challenging his state criminal court proceedings

More broadly, Plaintiff improperly attempts to file civil rights actions to challenge the validity of his state criminal proceedings. But a civil rights action is not the proper vehicle to challenge criminal charges, convictions, or rulings. Such challenges must be raised in the criminal case itself, on direct appeal, or through appropriate post-conviction relief.

Specifically, the *Younger* abstention doctrine prohibits a federal court from interfering with ongoing state court proceedings absent extraordinary circumstances;[34] the *Rooker–Feldman* doctrine bars claims that would require a

---

[32] *See* 28 U.S.C. § 1367.

[33] *See* 28 U.S.C. § 1332(a).

[34] *Younger v. Harris*, 401 U.S. 37 (1971).

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 10 of 14
Case 3:25-cv-00330-SLG    Document 7    Filed 03/02/26    Page 10 of 14

federal court to review and invalidate a state court decision;[35] and the *Heck* doctrine bars claims that necessarily imply the invalidity of a state court conviction or sentence, unless that conviction or sentence has already been invalidated through direct appeal, executive order, a state tribunal, or federal habeas relief.[36]

**V.    Amendment would be futile**

The Court finds that allowing Plaintiff leave to file an amended complaint would be futile in all three of these cases. Plaintiff's claims are based entirely on defendants who are immune from suit or who are not proper defendants under Section 1983. These defects cannot be cured by alleging additional facts. Accordingly, Plaintiff's complaints in each of these three cases are dismissed without leave to amend in federal court. However, Plaintiff will be accorded the opportunity to voluntarily dismiss each of these actions to avoid receiving three strikes, as discussed below.

**VI.    The Three Strikes Rule**

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[37] The

---

[35] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

[36] *Heck v. Humphrey,* 512 U.S. 477 (1994).

[37] 28 U.S.C. § 1915(g).

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 11 of 14
Case 3:25-cv-00330-SLG    Document 7    Filed 03/02/26    Page 11 of 14

"three strikes" provision is "designed to filter out the bad claims and facilitate consideration of the good."[38] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full $405.00 filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he was under imminent danger of serious physical injury, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[39] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[40] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[41]

## VII. Plaintiff's filings are improper

Instead of filing a complaint in any of these three cases, Plaintiff improperly filed a motion to file a lawsuit with an accompanying affidavit in each case. Having nonetheless reviewed the claims alleged in each case, Plaintiff's motion at Docket 1 in each case are all DENIED.

---

[38] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[39] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[40] *Andrews,* 493 F.3d at 1056 (cleaned up).

[41] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 12 of 14
Case 3:25-cv-00330-SLG    Document 7    Filed 03/02/26    Page 12 of 14

Additionally, Plaintiff's motion at Docket 3 in Case 314 seeking to increase his request for relief to $10,000.00 is also DENIED as that is not the proper way to amend a complaint.

Plaintiff's motion in each case that purports to notify the Court that he is represented by the public defender in each case is also DENIED.[42]

Plaintiff is cautioned that **any future filings must comply with this order and the applicable rules of civil procedure**.

**IT IS THEREFORE ORDERED:**

1. Plaintiff has **30 days from the date of this order to file a Notice of Voluntary Dismissal in each case** in order to avoid receiving a strike in each case as required by 28 U.S.C. § 1915(g). A Notice of Voluntary Dismissal does not count as a strike.

2. Plaintiff's motion at **Docket 1 in each case is DENIED as moot.**

3. Plaintiff's application to waive prepayment of the filing fee in each case (Docket 5 in Case 314, Docket 4 in Case 330, and Docket 5 in Case 331) is incomplete and is therefore **DENIED.**

4. All remaining motions in each case are **DENIED** for the reasons explained in this order.

---

[42] See Case 314, Docket 6; Case 330, Docket 6; Case 331, Docket 5.

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 13 of 14

Case 3:25-cv-00330-SLG    Document 7    Filed 03/02/26    Page 13 of 14

5. If Plaintiff does not file a Notice of Voluntary Dismissal on the Court's form **within 30 days of the date of this order**, each case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. Each case that is dismissed for failure to state a claim will count as a strike against Plaintiff.

6. With this order, the Clerk is directed to send three copies of form PS09, Notice of Voluntary Dismissal.

DATED this 2nd day of March, 2026, at Anchorage, Alaska.

>  */s/ Sharon L. Gleason*
>  SHARON L. GLEASON
>  UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00314-SLG, *Northway v. Denali Nanook Legal Services, et al.*
Case No. 3:25-cv-00330-SLG, *Northway v. State of Alaska, et al*
Case No. 3:25-cv-00331-SLG, *Northway v. State of Alaska, et al.*
Notice of Intent to Dismiss Each Case as a Strike
Page 14 of 14
Case 3:25-cv-00330-SLG   Document 7   Filed 03/02/26   Page 14 of 14